UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CLAUDETTE TAWIL and THEODORE TAWIL,

                *Plaintiffs*,

    -against-

TARGET CORPORATION,
                *Defendant*.
-------------------------------------------------------------------x

FOR ONLINE PUBLICATION ONLY

MEMORANDUM AND
ORDER
10-CV-965 (JG) (RM)

A P P E A R A N C E S:

    THE DWECK LAW FIRM, LLP
    75 Rockefeller Plaza
    New York, New York 10019
    By:    Jack S. Dweck
    *Attorneys for Plaintiffs*

    SIMMONS JANNACE, LLP
    115 Eileen Way, Suite 103
    Syosset, New York 11791-5314
    By: Marvin N. Romero
    *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

        In February 2010, Claudette and Theodore Tawil filed this case against the Target Corporation ("Target") in New York State Supreme Court, Kings County. One month later, pursuant to 28 U.S.C. § 1441, Target removed the case to this court. On June 4, 2010, Target filed a motion to transfer venue to the Southern District of Florida. The plaintiffs have opposed the motion, and I heard oral argument on the motion on July 1, 2010. For the reasons stated below, the motion is denied.

## BACKGROUND

        The complaint alleges that on December 7, 2009, Claudette Tawil was on the premises of a Target store in Aventura, Florida. While exiting the store's garden center,

Claudette Tawil alleges, she slipped and fell on a foreign substance or debris. The complaint alleges that Target was negligent, careless and reckless in allowing the foreign substance or debris to accumulate on the ground. Claudette Tawil alleges that as a result of her fall she suffered severe and permanent injuries to her head, face, body and limbs, including the fracture of several teeth. The complaint further alleges that, as a result of his wife's fall, Theodore Tawil has been deprived the comfort, society and consortium of his wife. For its part, Target denies liability and argues further that Aventura Common Associates, Ltd. ("Aventura") is contractually responsible for maintaining the area where Tawil alleges she fell. Target also alleges that Aventura agreed to indemnify Target for any liability arising out of Aventura's maintenance of this area.

## DISCUSSION

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992).

A motion to transfer venue can be granted only if the plaintiffs could have brought the case in the proposed forum. *See* 28 U.S.C. § 1404(a). In a case founded upon diversity, venue is appropriate in the judicial district where: (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events giving rise to the claim arose, or a substantial part of the property at issue is situated; or (3) the defendant is subject to personal jurisdiction at the time the action is brought. 28 U.S.C. § 1391(a). Here, the events

giving rise to the claim occurred in Aventura, Florida, which is in the Southern District of Florida. Accordingly, the plaintiffs could have brought the case there.

If transfer of venue is statutorily permitted, it is the defendant's burden to show that transfer is appropriate. Such a motion "will not be granted '[a]bsent a clear cut and convincing showing by defendant[s] that the balance of convenience weighs strongly in favor of the transferee court.'" *Vasssallo v. Niedermeyer,* 495 F. Supp. 757, 759 (S.D.N.Y. 1980)(quoting *Star Lines, Ltd. v. Puerto Rico Maritime Shipping Auth.,* 442 F. Supp. 1201, 1207 (S.D.N.Y. 1978)); *see also Merkur v. Wyndham Int'l, Inc.,* No. 00 Civ. 5843, 2001 WL 477268, at *2 (E.D.N.Y. Mar. 30, 2001). The factors to be considered when deciding if that showing has been made include: (1) the plaintiffs' choice of forum; (2) the convenience of the forum for the parties and witnesses; (3) the relative financial means of the parties; (4) the locus of operative facts and sources of proof; and (5) trial efficiency and the interest of justice. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006); *Merkur,* 2001 WL 477268, at *2; *Carruthers v. Amtrak and Nat'l R.R. Passenger Co.,* No. 95 Civ. 0369, 1995 WL 378544, at *2 (S.D.N.Y. June 26, 1995).

A. *Plaintiffs' Choice of Forum*

The plaintiffs' choice of forum is given substantial weight and "should not be lightly overriden." *Albert Fadem Trust v. Duke Energy Corp.,* 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002). This choice will be given less weight where the plaintiffs do not have a connection to the chosen forum. *Ball v. MTV Networks on Campus, Inc.,* No. 08 Civ. 2888, 2008 WL 4131346, at *1 (S.DN.Y. Sept. 2, 2008). Here, the plaintiffs' primary residence is in New York and, accordingly, their choice of forum should be given great weight.

B.  *The Convenience of the Forum for the Parties and Witnesses*

"The convenience of parties and witnesses is generally the most important factor in a court's determination of whether to grant a motion for transfer." *Merkur*, 2001 WL 477268, at * 3; *Nieves v. Am. Airlines,* 700 F. Supp. 769, 772 (S.D.N.Y. 1988); *see* 28 U.S.C. § 1404(a). Target is domiciled in Minnesota, but maintains offices nationwide, including in New York. Although the plaintiffs, who are in their eighties, own a home in Florida, they spend the majority of the year in New York. Accordingly, New York is a convenient forum for all of the parties.

The plaintiffs argue that Florida would pose a considerable inconvenience for two crucial witnesses -- the doctors who treated Claudette Tawil after her fall. Both doctors live and work in New York. They cannot be compelled to testify in Florida and the plaintiffs would incur significant expenses if required to transport the doctors to Florida for trial. Target, on the other hand, argues that three important witnesses reside in Florida and would be inconvenienced by maintaining venue in New York. One of these witnesses, Renee Dweck, observed Tawil's fall. Although Dweck is listed on the incident report as residing in Aventura, Florida, Dweck also resides in New York. Dweck Aff. ¶ 2.[1] Dweck is therefore subject to the court's jurisdiction and would suffer little inconvenience if asked to testify in New York. The two remaining witnesses -- Manny Varma and Christopher Lewis -- are employees of Target and reside in the Southern District of Florida. "[I]t is not the number of prospective witnesses that determines the appropriateness of a transfer but, rather, the materiality of their anticipated testimony." *Merkur*, 2001 WL 477268, at *3. Varma, who was the Executive Team Leader at the Aventura Target store at the time, completed the incident report, but did not witness the incident. The defendants contend that Varma's testimony is important because he will testify that Aventura was responsible for the area where Tawil fell. This testimony, however, is irrelevant to the plaintiffs'

---

[1]  The plaintiffs' attorney, Jack Dweck, is not related to Renee Dweck.

4

case against Target. In contrast, Lewis is an eyewitness to the incident and is likely an important fact witness. However, Lewis is a Target employee and, thus, "will as a practically matter be available in any venue by virtue of [this] employment relationship." *Id.* at * 4.

Target argues that it is more inconvenient for Target's witnesses to travel to New York than it is for the plaintiffs to travel to Florida where they maintain a residence. Def. Reply Aff. ¶ 15. However, "[t]ransfer is inappropriate where it would merely shift inconvenience from defendant to plaintiff[s]." *Vassallo*, 495 F. Supp. at 759-60. Furthermore, the defendant's burden is not merely to show a slight imbalance in convenience to the parties, but rather that "the balance of convenience weighs strongly in favor of the transferee court." *Id.* at 759. The defendant has failed to sustain that burden. Moreover, I find that, given the comparative significance of the witnesses' proposed testimony and the nature of their relationship with the parties, New York is the more convenient forum for the parties and their witnesses. This factor thus weighs in favor of maintaining venue in New York.

C. *The Relative Financial Means of the Parties*

"Where a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining whether to transfer." *Carruthers* 1995 WL 378544, at *5. Here, Target is a large corporation with significant financial means. As a result, Target's ability to cope with any inconvenience stemming from maintaining venue in New York, such as providing transportation and housing for its witnesses in New York, is immeasurably greater than the plaintiffs' ability to prosecute the case in Florida. Accordingly, this factor weighs in favor of maintaining this action in New York.

D.  *The Locus of Operative Facts and Access to Proof*

The operative facts in this litigation occurred in the Southern District of Florida. The documentary evidence is located in both Florida and New York, but given the ease of transferring documents between districts, this has little weight. *Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 695 (S.D.N.Y. 1994). Thus, on balance, this factor weighs in favor of transfer.

E.  *Trial Efficiency and the Interest of Justice*

Section 1404(a) is designed to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964)(quoting *Continental Grain Co., v. Barge F.B.L.-585*, 364 U.S. 19, 26-27 (1960)). It explicitly requires the court to consider the interest of justice in deciding a motion to transfer venue.

Target argues that because Aventura may not be subject to this court's jurisdiction, judicial efficiency and the interest of justice compel that the case be transferred to Florida. Although the possibility of third-party practice is an important consideration, it is not a decisive factor. *Merkur*, 2001 WL 477268, at * 6; *Carruthers*, 1995 WL 378544, at *5; *Vassallo*, 495 F. Supp. at 760-61. Here, the defendant's claimed need to implead another party does not outweigh the importance of deferring to the plaintiffs' choice of forum and maintaining venue in the most convenient forum for all parties.

In addition, that Florida law may govern this litigation is "accorded little weight on a motion to transfer." *Vassallo*, 495 F. Supp. at 760. This is particularly true when the litigation does not involve complex questions of law. *Id.; Merkur*, 2001 WL 477268, at *5. The case before me is fairly simple, and it does not appear to implicate difficult legal issues. Accordingly, this factor does not weigh heavily in favor of a transfer to Florida.

CONCLUSION

The plaintiffs' choice of forum, to which I must give substantial weight, the convenience of the forum for the parties and their witnesses, and the relative means of the parties all weigh in favor of maintaining venue in this district. I find that the remaining factors do not sufficiently tip the balance in favor of transferring venue to the Southern District of Florida and, accordingly, the defendant's motion is denied.

So Ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
       July 8, 2010